**Order entered December 21, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-22-00765-CV

**CAROL SHAW, Appellant**

**V.**

**BISHOP AIRFIELD RANCH, LLC, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 90347**

### ORDER

Appellee filed the underlying suit seeking to quiet title to an airstrip and surrounding land it owns in Hunt County. Appellee asserted its title was affected by an affidavit appellant filed claiming she had an easement to the airstrip, and it sought a declaration that the affidavit was invalid. Appellant counterclaimed for breach of contract, asserting appellee failed to abide by the terms of the easement.

The trial court granted summary judgment in favor of appellee on its claim to quiet title. In relevant part, the summary judgment order recites as follows:

1. Defendant's Affidavit Claiming Easement is invalid and illegal under Texas law.

2. Plaintiff's Petition to Quiet Title is GRANTED and any claim of title in, on, or to the Property that Defendant has or may have in the future should be quieted[.]

The appeal challenges this order.

Contending the order is not appealable because it does not address appellant's counterclaim for breach of contract, and no other order does either, appellee has filed a motion to dismiss the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may only be taken once all claims have been determined). Appellant responds that the counterclaim was impliedly denied but asks, to the extent the order may be ambiguous, that we abate the appeal to allow the trial court to clarify its intention. *See id.* at 206; *see also Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020).

We **GRANT** appellant's request and **REMAND** the cause to the trial court so it can clarify its intent. If the trial court intended its summary judgment order to be a final and appealable judgment that disposes of all claims and all parties, it shall modify the order to make that intention clear. If the trial court did not render a final judgment, it shall certify so in writing and state what remains pending. The trial court shall then cause the modified order or certification be included in a

supplemental clerk's record to be filed in the Court **no later than February 6, 2023**.

We **SUSPEND** the deadline for filing appellee's brief and **DENY** as moot appellee's December 15, 2022 unopposed motion to extend time to file its brief.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Keli Aiken, Presiding Judge of the 354th Judicial District Court; Hunt County District Clerk Susan Spradling; and, the parties.

We **ABATE** the appeal to allow the trial court an opportunity to comply with this order. The appeal shall be reinstated and any appropriate new deadlines shall be set no later than February 15, 2023.

/s/    BILL PEDERSEN, III
       JUSTICE